IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                                                         ORDER

                 Plaintiff,

                                                            13-cv-193-bbc

     v.

MIL FBI, et al.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In a March 6, 2013 order, I denied plaintiff Walter Blanck's request to treat his complaint in case no. 09-cv-504-bbc as a complaint in a new case because he has "struck out" under 28 U.S.C. § 1915(g), and stated that if he wanted to proceed in forma pauperis with a civil lawsuit in this court, he would have to file a brand new complaint indicating that he is presently in imminent danger of serious physical harm.  I gave plaintiff the following guidelines in filing a new complaint.

        (1) Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation, taking care to identify what each named defendant did to violate plaintiff's rights.

        (2) Plaintiff should not write extra notes in the margins of his complaint, because doing so makes it difficult to make out what he is trying to say.  To assist plaintiff, I will attach a copy of the court's § 1983 complaint form.

        (3) Plaintiff must attach a copy of his most recent six-month trust fund account statement, so that the court can determine plaintiff's initial partial payment.

1

    (4) As stated above, plaintiff will be limited to claims that he is currently in imminent danger of serious physical harm.

Case no. 09-cv-504, dkt. #106.

  Plaintiff has responded to the March 6 order by filing a new complaint. Unfortunately, this complaint suffers from many of the same problems that have plagued his previous filings. In particular, the complaint is woefully inadequate under Fed. R. Civ. P. 8, which requires plaintiff's complaint to contain "a short and plain statement" of each claim showing that he is entitled to relief. "The primary purpose of [Rule 8] is to give defendants fair notice of the claims against them and the grounds supporting the claims." Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011) (citations omitted). Despite my previous admonitions, plaintiff continues to lard his complaint with a rambling narrative of his 40-year struggle against different government agencies and political operatives, claims that have already been dismissed in previous litigation. In addition, plaintiff continues to handwrite additional allegations in the margins of his complaint, making it very difficult to decipher his claims.

  Finally, plaintiff has submitted an additional document in which he includes a litany of various inmate grievances he states that he has exhausted. I noted in the March 6 order that plaintiff had indeed seemed to have exhausted numerous grievances, but at the time had failed to show that he was *presently* in danger from any of the issues covered in those grievances. Plaintiff's current pleading suffers from the same problem. The most I can gather from plaintiff's complaint is that he believed that he has long suffered from mistreatment in prison, primarily for political reasons. However, plaintiff must understand

2

that at this point, the court is not interested in the long history of plaintiff's treatment; plaintiff has simply not been able to articulate those past events in a way that would lead the court or a defendant to understand the claims he is trying to make against those currently in charge of his incarceration. Thus I will dismiss his current complaint under Rule 8.

All this court remains interested in are the *current conditions of plaintiff's confinement*. I will give plaintiff a chance to submit a amended complaint in this action, but he should not include any allegations discussing what he perceives as a long history of mistreatment. Rather, he should stick to the present, explaining in concrete terms how he is being mistreated *now* and who at the prison is mistreating him. At this point, it is much less necessary to know *why* he is being mistreated. Plaintiff should focus on the precise conditions of his confinement that are placing him in imminent danger of serious physical harm. Then plaintiff should explain which of his exhausted grievances apply to the harm he currently faces.

I will attach a complaint form to this order. Plaintiff should write as legibly as possible and not fill the margins of the pages with additional allegations.

ORDER

IT IS ORDERED that

1. Plaintiff Walter Blanck's complaint, dkt. #1, is DISMISSED for violating Fed. R. Civ. P. 8.

2. Plaintiff may have until May 15, 2013 to file an amended complaint or the case

will be dismissed for plaintiff's failure to prosecute it.

Entered this 29th day of April, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4