IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                                              ORDER

                Plaintiff,

                                                          13-cv-193-bbc

    v.

MIL FBI, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a March 6, 2013 order, I denied plaintiff Walter Blanck's request to treat his complaint in case no. 09-cv-504-bbc as a complaint in a new case because he has "struck out" under 28 U.S.C. § 1915(g), and told him that if he wanted to proceed in forma pauperis with a civil lawsuit in this court, he would have to file a brand new complaint indicating that he is presently in imminent danger of serious physical harm. I gave plaintiff the following guidelines in filing a new complaint.

      (1) Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation, taking care to identify what each named defendant did to violate plaintiff's rights.

      (2) Plaintiff should not write extra notes in the margins of his complaint, because doing so makes it difficult to make out what he is trying to say. To assist plaintiff, I will attach a copy of the court's § 1983 complaint form.

      (3) Plaintiff must attach a copy of his most recent six-month trust fund account statement, so that the court can determine plaintiff's initial partial payment.

>        (4) As stated above, plaintiff will be limited to claims that he is currently in imminent danger of serious physical harm.

Case no. 09-cv-504, dkt. #106.

Plaintiff responded to the March 6 order by filing a new complaint that suffered from many of the same problems that plagued his previous filings. In an April 29, 2013 order, I noted that "the complaint is woefully inadequate under Fed. R. Civ. P. 8, which requires plaintiff's complaint to contain 'a short and plain statement' of each claim showing that he is entitled to relief," Case no. 13-cv-193-bbc, dkt. #11, and stated as follows:

>     All this court remains interested in are the *current conditions of plaintiff's confinement*. I will give plaintiff a chance to submit a amended complaint in this action, but he should not include any allegations discussing what he perceives as a long history of mistreatment. Rather, he should stick to the present, explaining in concrete terms how he is being mistreated now and who at the prison is mistreating him. At this point, it is much less necessary to know why he is being mistreated. Plaintiff should focus on the precise conditions of his confinement that are placing him in imminent danger of serious physical harm. Then plaintiff should explain which of his exhausted grievances apply to the harm he currently faces.

Id. (emphasis in original).

In response to the April 29 order, plaintiff has filed a proposed amended complaint and several follow-up submissions. The amended complaint fares only marginally better than his previous filing. Plaintiff again includes copious references to the alleged conspiracy against him, which I have disregarded, but does at least suggest the basis for imminent danger claims: he seems to allege that he is not being given his heart medication and that he is being denied proper nutrition. Unfortunately, his long, rambling amended complaint does not properly identify who he thinks is responsible for these alleged deprivations. Accordingly, I will dismiss the proposed amended complaint and give plaintiff a final chance

to prepare a complaint that satisfies Rule 8. I will attach a copy of the court's complaint form to this order. In preparing his amended complaint, plaintiff should keep the following in mind:

(1) Plaintiff should limit his allegations to the issues regarding the denial of his medication and nutrition. The only allegations he needs to include are (a) the nature of his heart condition; (b) what medication and nutrition he is supposed to receive; (c) when those needs were denied him; and (d) who denied him these items. The court will disregard allegations regarding the long history of alleged political retaliation.

(2) Plaintiff should name as defendants in the caption of the complaint the prison staff who are denying him his medication and nutrition. He should not name as defendants the Federal Bureau of Investigation, the Central Intelligence Agency, or any political actors connected with the alleged retaliation.

(3) The court will consider only plaintiff's amended complaint. It will not consider any subsequent filings plaintiff submits in an attempt to supplement his complaint.

(4) Plaintiff should write as legibly as possible and not fill the margins of the pages with additional allegations.

Plaintiff will be given a short deadline to respond to this order. If plaintiff's next amended complaint fails to comply with Rule 8, this case will be dismissed and further filing sanctions will be considered by the court.

ORDER

IT IS ORDERED that

1. Plaintiff Walter Blanck's proposed amended complaint, dkt. #13, is DISMISSED because it violates Fed. R. Civ. P. 8.

2. Plaintiff may have until August 19, 2013 to file a new amended complaint or the

case will be dismissed for plaintiff's failure to prosecute it.

Entered this 19th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge