IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                             ORDER

                  Plaintiff,

                                        13-cv-193-bbc

        v.

MIL FBI, et al.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Walter Blanck has been given several chances in this and previous cases to submit a complaint that complies with Fed. R. Civ. P. 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In a July 19, 2013 order, I stated the following with regard to the amended complaint filed by plaintiff:

> The amended complaint fares only marginally better than his previous filing. Plaintiff again includes copious references to the alleged conspiracy against him, which I have disregarded, but does at least suggest the basis for imminent danger claims: he seems to allege that he is not being given his heart medication and that he is being denied proper nutrition. Unfortunately, his long, rambling amended complaint does not properly identify who he thinks is responsible for these alleged deprivations. Accordingly, I will dismiss the proposed amended complaint and give plaintiff a final chance to prepare a complaint that satisfies Rule 8.

Dkt. #25. Instead of responding to the July 19 order with a new amended complaint, plaintiff submitted correspondence writing at length about problems he has had with the FBI

1

and others.  I dismissed the case in a July 30, 2013 order, stating:

> Despite the opportunities that plaintiff has been given in which to file a complaint that gives minimal notice of his claim and the persons responsible, he has so far been unable to comply.   There is no reason to think he can do better if he is given yet another chance.  Therefore, this case will be dismissed.

Dkt. #30.  Now before the court are several submissions by plaintiff.  He has filed a motion for reconsideration of the July 30, 2013 order dismissing his case, stating that the correspondence he filed following the July 19 order was not intended to be his response.  He has filed two proposed amended complaints, dkt. ##28, 32-1, that he considers his response to the July 19 order.  Because plaintiff filed these complaints before the August 19 deadline set in the July 19 order, I will consider these documents to be his response to the July 19 order.  One of these complaints, dkt. #28, is of a markedly better quality than his other filings.  It is considerably more legible and does not contain additional, confusing writing in the margins.  I will consider this document as plaintiff's proposed amended complaint and ignore the other, much less legible document.  Dkt. #28 is now the operative pleading in this case.

After considering this proposed amended complaint, I conclude that it is appropriate to reopen this case.  However, because plaintiff brings claims that belong in more than one lawsuit, I will direct him to choose which lawsuit he would like to pursue under this case number.

I draw the following facts from plaintiff's complaint.

2

ALLEGATIONS OF FACT

Plaintiff has heart and lung disease and severe arthritis, and has been prescribed therapy, a special diet and vitamins by a heart specialist. Dr. Sumnicht falsely claims that plaintiff does not meet the criteria for these treatments and refuses to give him care.

On June 22, 2010, Nurse Kathy Lemon denied plaintiff prescribed therapy and medical evaluations and deleted his medical files in an effort to insure that he would not receive proper treatment. When plaintiff complained, Lemon had Sgt. Laufenberg plant a weapon in his cell, "trash" the cell and confiscate his legal files.

In February 2012, Beverly removed plaintiff from his cell and began destroying his legal materials. Plaintiff told Beverly that he was having heart palpitations, but she took away plaintiff's "nitro tabs." Later, plaintiff was taken to the emergency room. An MRI showed heart and lung damage. Lemon has denied fellowup treatment.

In August 2012, Nurse Lemon directed Sergeant Laufenberg to close all windows and vents in plaintiff's cell and take away floor fans in order to raise the temperature to "extremely high" levels. Plaintiff states that his heart medication compromises his ability to self-cool his body. The higher heat caused plaintiff heart palpitations and pain in his neck, jaw and left arm.

In July 2013, Lemon contacted second-shift supervisor Beverly and Correctional Officer Romanesko and persuaded them to intercept plaintiff's medication and vitamin refills. When plaintiff ordered new refills, Lemon told Dr. Sumnicht that plaintiff was abusing the medication and ordering it "way too soon."

Although plaintiff was prescribed high-protein meals, Laufenberg, Beverly, Romanesko and Correctional Officer McDonald give him "altered" meals that are burnt or small or lacking any nutrition. These meals have weakened plaintiff and the lack of sustenance causes him heart palpitations.

I understand plaintiff to be stating that prison officials, including Correctional Officer Verdegen, have failed to protect him or perhaps even encouraged assaults against him since 2005 and have failed to obtain medical care for him after the assaults. As recently as July 2013, Verdegen has loudly called plaintiff a "CIA and FBI guy" in front of other inmates, endangering his safety.

Correctional Officer Meyer has engaged in "relentless sexual stalking" of plaintiff, including a 2009 incident in which Meyer groped plaintiff's genitals, an incident on December 5, 2012, in which Meyer performed an unneeded patdown search, rubbing plaintiff's right buttock and other incidents in which Meyer kissed him. McDonald threatened to plant a weapon in plaintiff's cell to "get plaintiff's ass" into segregation in 2010 and made sexually violent comments to plaintiff in 2011.

Plaintiff's administrative complaint system files have been stolen and at least some of his grievances have been rejected inappropriately. In particular, Warden Baenen has dismissed valid inmate grievances.

Defendants have taken all of these actions because plaintiff has attempted repeatedly to file complaints about staff misconduct.

OPINION

A. <u>Imminent Danger</u>

Plaintiff seeks leave to proceed <u>in forma pauperis</u> in this case under 28 U.S.C. § 1915.

However, as I have explained several times in plaintiff's recent litigation, he has struck out

under 28 U.S.C. § 1915(g). This provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege

a physical injury that is imminent or occurring at the time the complaint is filed and show

that the threat or prison condition causing the physical injury is real and proximate.

<u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (citing <u>Heimermann v. Litscher</u>, 337

F.3d 781 (7th Cir. 2003); <u>Lewis v. Sullivan</u>, 279 F.3d 526, 529 (7th Cir. 2002)). In his

complaint, plaintiff alleges, among other things, that he is not receiving medical care

prescribed to him by a heart specialist and that prison staff members are encouraging attacks

on him.  At this point in the proceedings, plaintiff raises several claims that seem to meet the

imminent danger threshold.  Therefore, I conclude that § 1915(g) does not bar him from

proceeding <u>in forma pauperis</u> in this case.

### B. <u>Signature and Rule 20 Problems</u>

However, there are two other problems with plaintiff's amended complaint.  First, plaintiff has not signed the document, which he is required to do by Fed. R. Civ. P. 11.  In examining the document further, it seems that plaintiff did not include the final page of the amended complaint in the document he submitted to the court.  I will attach a copy of the amended complaint to this order so that plaintiff may sign it and return it.  Alternatively, plaintiff may send back a signed copy of the final page of his amended complaint if he still has one.  This is not an invitation to plaintiff to submit more allegations; rather he must submit his signature on the complaint so that he may proceed with his claims. I will give plaintiff a short deadline for doing so, or the case will be dismissed.

The second problem with plaintiff's amended complaint is that it violates Fed. R. Civ. P. 20.  Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff details several ways in which prison staff members are subjecting him to imminent danger of serious physical harm, but they are not all related.  I conclude that plaintiff's allegations concern events that can be contained in three lawsuits:

> Lawsuit #1: Plaintiff has been denied medical treatment that has been prescribed to him by a heart specialist.  Prison staff has taken additional steps to harm plaintiff in his weak medical condition, such as intercept medications and high protein meals and take steps to make it as warm as possible in his

cell.

Lawsuit #2: Prison officials have failed to protect plaintiff or perhaps even encouraged assaults against him since 2005 and have failed to obtain medical care for him after the assaults.

Lawsuit #3: Prison officials have sexually harassed plaintiff, including groping him and making sexually violent remarks.

Under George, plaintiff may only proceed with one of these lawsuits under this case number. Plaintiff will have to choose the lawsuit on which he wants to proceed.

As for the other lawsuits, plaintiff has another choice. He may choose to pursue the other lawsuits separately. If so, he will be required to pay a separate filing fee for each of those lawsuits as well. Alternatively, plaintiff may choose to dismiss the two lawsuits he does not pursue under this case number. If he chooses this route, he will not owe an additional filing fee for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. §§ 1915 and 1915A. Because plaintiff faces separate filing fees for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

7

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the lawsuits he wishes to pursue. In any case, plaintiff should be aware that there is no need for him to file a rambling several-page response to this order. If he fails to submit a response, I will dismiss all of his claims for his failure to prosecute the case.

## C. Initial Partial Payment

Although it is clear from plaintiff's trust fund account statement that he qualifies as indigent, the court has not yet calculated the amount of his initial partial payment under the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed in forma pauperis must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly balance is $105.17, and 20% of the average monthly deposits made to his account is $1.57. Because the greater of the two amounts is $105.17, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $105.17 initial partial payment. Before prison officials take any portion of that amount from

8

plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

### D.  Motion for Appointment of Counsel

Plaintiff has filed a motion for the court to appoint him counsel to assist him with his claims. I note that the word "appoint" is a bit of a misnomer. Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866 (7th Cir. 2013). Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997). The federal in forma pauperis statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Absent any mandatory language, this statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant pro bono publico[.]" Pruitt v. Mote, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. Id.

The question is whether recruiting pro bono counsel makes sense in this case. Based on plaintiff's history in this court, it does not. The court recruited counsel to assist plaintiff in a previous case, case no. 09-cv-504-bbc, but after plaintiff made it clear that he did not want to work with counsel, the lawyers were granted release from their representation. There is no reason to believe that plaintiff would get along better with other lawyers this time around. Accordingly, I will deny plaintiff's motion.

9

E.  Plaintiff's Future Filings

As stated above, plaintiff's amended complaint, dkt. #28, is far easier to understand than many of the documents plaintiff has filed in this court.  It seems clear that plaintiff heeded the court's instructions about how to file more legible, understandable complaint. It goes without saying that the court cannot assist plaintiff in anyway unless he submits documents that can be read and understood.  When plaintiff files further documents in this or other cases, he should take care to prepare those documents the same way he prepared the amended complaint—in particular, he should take care in making his handwriting as legible as possible and he should avoid writing all over the margins of his submissions.

ORDER

IT IS ORDERED that

1.  Plaintiff Walter Blanck's motion for reconsideration of the July 30, 2013 order dismissing this case, dkt. #32, is GRANTED, and the case is REOPENED.

2.  Plaintiff may have until October 29, 2013, to

   a. Submit a signed copy of his amended complaint, dkt. #28; and

   b. Identify for the court which of the above-numbered lawsuits he wishes to pursue under this case number.  Plaintiff must pick one and only one of these lawsuits to proceed under case no. 13-cv-193-bbc; and

   c. Advise the court whether he wishes to pursue the two lawsuits that he does not choose to pursue under this case number, or whether he wishes to

10

voluntarily dismiss them.  For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.  For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

3.  If plaintiff fails to respond to this order by October 29, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute it.

4.  Plaintiff's motion for appointment of counsel, dkt #33, is DENIED.

5. Plaintiff is assessed $105.17 as an initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $105.17 on or before October 29, 2013.  If, by October 29, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court is directed to close this file without prejudice to plaintiff filing his case at a later date.

Entered this 15th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge