IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER BLANCK,

        Plaintiff,

v.

WARDEN BAENEN, *et al.*,

        Defendants.

ORDER

13-cv-193-bbc

---

In this lawsuit, plaintiff Walter Blanck is proceeding on Eighth Amendment deliberate indifference claims and First Amendment retaliation claims against defendant prison officials for failing to properly treat his heart and lung disease and his severe arthritis. Plaintiff has filed a motion for preliminary injunctive relief, to which defendants have not responded by the deadline set by the court. However, after the deadline passed, defendants filed a motion to compel plaintiff to authorize the release of his medical information by signing an authorization form.[1]

Plaintiff opposes this motion. While his arguments are characteristically difficult to follow, I understand plaintiff to be saying that defendants have doctored his medical records in some way and should not be able to rely on these altered records as evidence in the case.

I will deny defendants' motion, but not for the reasons argued by plaintiff. Simply put, this court never forces a prisoner to sign a medical records release form if he would rather maintain the privacy of his medical information. However, if plaintiff is unwilling to consent to authorize a medical disclosure in this case, then his decision could result in dismissal of his lawsuit. This is because defendants may not be able to defend themselves against plaintiff's

---

[1] I do not understand defendants to be waiting for this authorization before filing a response to plaintiff's motion for preliminary injunctive relief. Rather, I infer from defendants' silence that they do not believe that plaintiff's motion has any merit. Still, in order to keep the court and the parties on the same page, the court expects the non-moving party to file *something* by its scheduled deadline, even if only a letter stating that it does not intend to file a formal response.

claims without having access to plaintiff's medical records. If plaintiff believes that there legitimate reasons to withhold certain types of records—such as that the authorization covers too long of a time period or allows defendants access to sensitive or embarrassing medical information that is irrelevant to the case—then he should try to work out an agreeable scope of the authorization form with defendants.

Plaintiff's belief that the medical records have been tampered with is not a reason to withhold authorization, but it is an issue that he can raise when he is litigating the substance of his claims in this case. To the extent that plaintiff wishes to see his records or pay for copies of them, defendants may not conceal records from him without filing a motion for protective order. Nor may they destroy records or fabricate records. Plaintiff is free to argue that defendants have done so and that his medical reality was different from what appears in the record, but he will need to support his arguments with admissible evidence, such as a declaration made under penalty of perjury explaining events of which he has first-hand knowledge.

ORDER

It is ORDERED that defendants' motion to compel plaintiff to authorize the release of his medical information, dkt. 61, is DENIED.

Entered this 2nd day of June 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2