IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER BLANCK,

                  Plaintiff,

    v.

WARDEN BAENEN, DR. SUMNICHT,
NURSE LEMON, SGT. LAUFENBERG,
SUPERVISOR BEVERLY, and
CORRECTIONAL OFFICER MCDONALD,

                  Defendants.

OPINION & ORDER

13-cv-193-jdp[1]

---

WALTER BLANCK,

                  Plaintiff,

    v.

CORRECTIONAL OFFICER VERDEGEN,

                  Defendant.

OPINION & ORDER

14-cv-135-jdp

---

    Plaintiff Walter Blanck is a prisoner at the Green Bay Correctional Institution. The above-captioned cases are two of the three arising out of plaintiff's July 29, 2013 complaint originally filed in case no. 13-cv-193-jdp. Under that case number, plaintiff is proceeding on Eighth Amendment deliberate indifference claims and First Amendment retaliation claims against defendant prison officials for failing to properly treat his heart and lung disease and severe arthritis, and intentionally keeping him in hot conditions that exacerbate his problems. Plaintiff also brought claims that defendant Correctional Officer Verdegen failed to protect him from assault and encouraged assaults against him. Those claims were severed from case no. 13-

---

[1] Both of these cases were reassigned to me pursuant to a May 16, 2014, administrative order.

cv-193-jdp and opened in case no. 14-cv-135-jdp. The third case arising out of plaintiff's July 29, 2013 complaint was dismissed in a January 12, 2015 order. *See Blanck v. Meyer*, 13-cv-136-jdp, Dkt. 16.

Because plaintiff alleged that he was in imminent danger of serious physical harm, the court construed his complaint as including requests for preliminary injunctive relief in both cases in which he was allowed to proceed. Now before the court are plaintiff's attempts at briefing the preliminary injection motions and a discovery dispute over medical records in case no. 13-cv-193-jdp, leading to motions by defendants to dismiss that case or stay it pending resolution of the motion to dismiss.

After considering the parties' submissions and the dockets of these cases in general, I conclude that plaintiff is so ill–equipped to litigate his medical claims in 13-cv-193-jdp that the prudent course of action is to locate counsel to assist plaintiff in litigating that action and ascertain whether the attorney ultimately taking on that case is also amenable to representing plaintiff in case no. 14-cv-135-jdp. The proceedings in both cases will be stayed pending recruitment of counsel for plaintiff. The reminder of the various motions submitted by the parties will be denied. I will address plaintiff's two cases in turn below.

CASE NO. 13-CV-193-JDP

Plaintiff has filed several documents in support of his motion for preliminary injunctive relief. These responses are characteristically difficult to understand and do not comply with this court's procedures to be followed in briefing motions for injunctive relief, but at any rate, it has become clear that plaintiff is reluctant to authorize disclosure of his medical record to defendants so that they can defend against plaintiff's claims. In a June 2, 2014 order, Magistrate

Judge Stephen Crocker denied defendants' motion to compel plaintiff to authorize release of this information, but stated as follows:

> I will deny defendants' motion, but not for the reasons argued by plaintiff. Simply put, this court never forces a prisoner to sign a medical records release form if he would rather maintain the privacy of his medical information. However, if plaintiff is unwilling to consent to authorize a medical disclosure in this case, then his decision could result in dismissal of his lawsuit. This is because defendants may not be able to defend themselves against plaintiff's claims without having access to plaintiff's medical records. If plaintiff believes that there legitimate reasons to withhold certain types of records—such as that the authorization covers too long of a time period or allows defendants access to sensitive or embarrassing medical information that is irrelevant to the case—then he should try to work out an agreeable scope of the authorization form with defendants.

Dkt. 64, at 1-2. Since that time the parties have not worked out an agreement on the disclosure of medical information. Plaintiff has filed a document stating that he will agree to release a handful of records. Dkt. 65. He has also filed two motions to be removed from the Green Bay Correctional Institution, in which he alleges that prison staff continues to refuse to provide him adequate medical treatment. Dkt. 71 and 73. I will consider these documents as additional motions for preliminary injunctive relief. Meanwhile, defendants have filed a motion to dismiss the case for plaintiff's failure to authorize the release of his relevant medical records, Dkt. 67, and a motion to stay pending deadlines until resolution of the motion to dismiss, Dkt. 78.

Plaintiff's filings make clear that he remains interested in litigating this case, including seeking preliminary injunctive relief, so I will not (at this point) dismiss the case in its entirety as defendants request. But it is equally true that plaintiff does not seem interested in providing relevant medical records to defendants, which they need to defend against his claims and respond to his motions for injunctive relief. Because plaintiff's preliminary injunction materials

do not comply with the court's procedure and he has not provided defendants with the information they need to defend against them, I will deny those motions without prejudice.[2]

Plaintiff's inability to adequately support his motions for preliminary injunctive relief, coupled with the relative difficulty he will face as a pro se prisoner in proving his medical care claims, *see e.g., Garner v. Sumnicht*, 554 F. App'x 500, 501 (7th Cir. 2014), leads me to reconsider this court's previous decision to deny his motion for assistance in recruiting counsel to assist him. At this point it seems almost certain that the complexity of this case will overwhelm plaintiff's ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (relevant inquiry is whether "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). Accordingly, I will attempt to locate counsel for plaintiff. Further proceedings in this case will be stayed until counsel is found, at which point the court will hold a telephonic status and scheduling conference with both sides.

I must share additional words of caution for plaintiff. This court previously recruited counsel for plaintiff in an earlier case, but after plaintiff made it clear that he did not want to work with counsel, the lawyers were granted release from their representation. *Blanck v. Verdegen*, No. 09-cv-504-bbc (Sept. 10, 2012). It is unclear how much of the problem was caused by plaintiff's misguided belief that his lawyers were part of a decades-long political conspiracy to harm him or whether plaintiff is simply not inclined to allow an attorney to make strategic decisions about plaintiff's claims. This is plaintiff's final chance to receive assistance from court-recruited counsel. If plaintiff wants to continue this case with counsel, he will have to abide by the following rules:

---

[2] Also, plaintiff seems to be shifting at least part of his requested relief to a declaration that he is illegally incarcerated, *see* Dkt. 71. This civil lawsuit is about plaintiff's medical treatment in prison; the legality of his sentence is not an issue properly before the court.

- Plaintiff will have to agree to authorize the release of relevant medical records;

- Plaintiff may not raise claims regarding a political conspiracy to harm him;

- Once counsel is located, plaintiff may not communicate directly with the court;

- Plaintiff must permit counsel to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.

Should plaintiff fail to abide by these rules, the representation may have to be terminated. Further, as has been stated previously, if plaintiff fails to authorize release of relevant medical records, this case will be dismissed.

CASE NO. 14-CV-135-JDP

This leaves plaintiff's case against defendant Verdegen. As with plaintiff's medical care case, plaintiff seeks preliminary injunctive relief but has failed to properly support his motions. Accordingly, I will deny those motions without prejudice. Unlike plaintiff's other case, I am unconvinced that it is necessary to recruit counsel to assist him with the relatively straightforward task he has in that case of proving that Verdegen failed to protect him from assault and is encouraging assaults against him. However, I will stay the proceedings for the time being. When counsel is located in case no. 13-cv-193-jdp, I will ask counsel whether he or she is amenable to taking on representation of both of plaintiff's cases. If not, plaintiff will have to litigate that case himself.

ORDER

The following is ordered in case no. 13-cv-193-jdp:

1. Plaintiff Walter Blanck's motions for preliminary injunctive relief, Dkt. 1, 71, and 73, are DENIED without prejudice.

2. Defendants' motion to dismiss the case for plaintiff's failure to authorize the release of his medical records, Dkt. 67, is DENIED.

3. The schedule is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule for resolution of the case.

4. Defendants' motion to stay pending deadlines, Dkt. 78, is DENIED as moot.

The following is ordered in case no. 14-cv-135-jdp:

1. Plaintiff's motions for preliminary injunctive relief, Dkt. 1, 19, and 21, are DENIED without prejudice.

2. The schedule is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff in his other case.

Entered January 26th, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge