IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| WALTER BLANCK, | |
| Plaintiff, | |
| v. | ORDER |
| WARDEN BAENEN, DR. SUMNICHT, NURSE LEMON, SGT. LAUFENBERG, SUPERVISOR BEVERLY, and CORRECTIONAL OFFICER MCDONALD, | 13-cv-193-jdp |
| Defendants. | |

---

| | |
|---|---|
| WALTER BLANCK, | |
| Plaintiff, | ORDER |
| v. | 14-cv-135-jdp |
| CORRECTIONAL OFFICER VERDEGEN, | |
| Defendant. | |

---

Plaintiff Walter Blanck is a prisoner at the Green Bay Correctional Institution. In case no. 13-cv-193-jdp, plaintiff brings Eighth Amendment deliberate indifference and First Amendment retaliation claims against defendant prison officials for failing to properly treat his heart and lung disease and severe arthritis, and intentionally keeping him in hot conditions that exacerbate his problems. In case no. 14-cv-135-jdp, plaintiff brings claims that defendant Correctional Officer Verdegen failed to protect him from assault and encouraged assaults against him. I stayed the '193 case pending recruitment of counsel. *See* Dkt. 79 in the '193 case. Although I concluded that it was not necessary to recruit counsel to assist plaintiff with his relatively straightforward claims in the '135 case, I stayed that case as well pending recruitment of counsel in the '193 case so that recruited counsel could

determine whether he or she would be amendable to representing plaintiff in both matters. *Id*.

The court has successfully located counsel for plaintiff. William E. Parsons of the law firm Hawks Quindel, S.C. has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. It is this court's intention that the scope of Attorney Parsons's representation extends to proceedings in this court only.[1] If plaintiff decides at some point not to work with this lawyer, he is free to end the representation, but plaintiff should be aware that it is unlikely that the court will recruit a second lawyer to represent him. A preliminary pretrial conference will be scheduled, at which time a schedule for the remainder of both of plaintiff's cases will be set. After meeting with plaintiff, Attorney Parsons should inform the court whether he will be taking on representation of plaintiff in both cases. If not, plaintiff will have to litigate that case himself.

ORDER

IT IS ORDERED that the clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in these lawsuits.

Entered April 28, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge

---

[1] "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.