IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER BLANCK,

                                       Plaintiff,

    v.

WARDEN BAENEN, DR. SUMNICHT,
NURSE LEMON, SGT. LAUFENBERG,
SUPERVISOR BEVERLY, and
CORRECTIONAL OFFICER MCDONALD,

                                   Defendants.

ORDER

13-cv-193-jdp

---

WALTER BLANCK,

                                       Plaintiff,

    v.

CORRECTIONAL OFFICER VERDEGEN,

                                       Defendant.

ORDER

14-cv-135-jdp

---

Plaintiff Walter Blanck is a prisoner at the Green Bay Correctional Institution. In case no. 13-cv-193-jdp, plaintiff brings Eighth Amendment deliberate indifference and First Amendment retaliation claims against defendant prison officials for failing to properly treat his heart and lung disease and severe arthritis, and for intentionally keeping him in hot conditions that exacerbate his problems. In case no. 14-cv-135-jdp, plaintiff brings claims that defendant Correctional Officer Verdegen failed to protect him from assault and encouraged assaults against him. I stayed the '193 case pending recruitment of counsel. *See* Dkt. 79 in the '193 case. Although I concluded that it was not necessary to recruit counsel to assist plaintiff with his relatively straightforward claims in the '135 case, I stayed that case as well pending recruitment of counsel in the '193 case so that recruited counsel could

determine whether he or she would be amendable to representing plaintiff in both matters. *Id*.

Previously recruited counsel was allowed to withdraw after discovering a conflict. *See* Dkt. 92 & 93. Now the court has located new counsel for plaintiff. Michael P. Crooks and Brittany R. Pierick of the law firm Peterson, Johnson & Murray, S.C. have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services.

It is this court's intention that the scope of these attorneys' representation extends to proceedings in this court only.[1] If plaintiff decides at some point not to work with these lawyers, he is free to end the representation, but plaintiff should be aware that it is unlikely that the court will recruit other lawyers to represent him. A preliminary pretrial conference will be scheduled, at which time a schedule for the remainder of both of plaintiff's cases will be set. After meeting with plaintiff, his attorneys should inform the court whether they will be taking on representation of plaintiff in both cases. If not, plaintiff will have to litigate that case himself.

Plaintiff himself has filed a document in both of these cases titled "Motion & Sworn Statement, Etc. for Relief from Imminent Danger, Etc." in which he discusses ongoing retaliatory actions by prison staff. Now that new counsel has been located, I will deny this motion without prejudice. Counsel or plaintiff (if he goes unrepresented in the '135 case) are free to bring a motion for preliminary injunctive relief after meeting with each other.

---

[1] "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

ORDER

IT IS ORDERED that:

1.      The clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in these lawsuits.

2.      Plaintiff's "Motion & Sworn Statement, Etc. for Relief from Imminent Danger, Etc.," Dkt. 94 in case no. 13-cv-193-jdp and Dkt. 40 in case no. 14-cv-135-jdp, is DENIED without prejudice.

Entered June 2, 2016.

                        BY THE COURT:
                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge